**FILED**

JUL 1 0 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Magistrate Case No. **08MJ8574** |
| Plaintiff, | ) | |
| v. | ) | **FINDINGS OF FACT AND ORDER OF DETENTION** |
| Diana Magali VARGAS-Tapia (2) , | ) | |
| Defendant. | ) | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on July 2, 2008, to determine whether defendant Diana Magali VARGAS-Tapia, should be held in custody pending trial on the grounds that she is a flight risk. Assistant U. S. Attorney Karla K. Davis appeared on behalf of the United States. Diane Regan of Federal Defenders of San Diego, Inc. appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services Report, and the criminal complaint issued against the Defendant on June 27, 2008, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///

///

///

///

I

FINDINGS OF FACT

A.    Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

1.    The Defendant is charged in Criminal Complaint No. 08MJ8574 with the importation of 12.48 kilograms (27.45 pounds) of cocaine in violation of 21 U.S.C. § 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2.    The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801 et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

3.    The offense carries with it a minimum mandatory 10 year sentence and a maximum life sentence. See 21 U.S.C. § 960(b)(1)(B). According to the United States Sentencing Guidelines, the Base Offense level is 32. See USSG § 2D1.1(3). Assuming the Defendant's criminal history score places her in Criminal History Category I, See USSG § 4A1.1, the sentencing range for the Defendant is 121-151 months in prison.

B.    Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):

1.    On June 26, 2008, Defendant VARGAS was a passenger in a 2007 Toyota Rav4, being driven by her boyfriend, Defendant, Raul SANCHEZ, Jr., as they entered the United States, at the Calexico, California, East Port of Entry. During pre-primary inspection, a Narcotic Detector Dog alerted to the vehicle. A subsequent inspection of the vehicle resulted in the discovery of 12.48 kilograms (27.45 pounds) of cocaine concealed inside the center console of the vehicle.

C.    History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3):

1.    The Defendant is a citizen of Mexico.

2.    The Defendant resides in Mexicali, Baja California, Mexico.

3.    The Defendant's parents reside in Mexicali, Baja California, Mexico.

4.    The Defendant has no legal right to remain or work in the United States, as she only possesses a Border Crossing Card.

1    D.    Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4):

2         1.    The government proffered no evidence to suggest that release of the Defendant

3    would pose a danger to any person or the community.

4                                      II

5                           REASONS FOR DETENTION

6    A.    There is probable cause to believe that the Defendant committed the offense charged in

7    Criminal Complaint Number 08MJ8574, to wit: the importation of 12.48 kilograms (27.45 pounds) of

8    cocaine in violation of 21 U.S.C. §§ 952 and 960.

9    B.    The Defendant faces a substantial period of time in custody if convicted of the offense

10   charged in the Complaint.  She therefore has a strong motive to flee.

11   C.    The Defendant has not rebutted the presumption, based upon the Court's findings, that

12   there is probable cause to believe that the Defendant committed an offense for which a maximum term

13   of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801

14   et seq.), and that no condition or combination of conditions will reasonably assure the appearance of the

15   Defendant at future court proceedings.

16                                     III

17                                   ORDER

18       IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

19       IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney

20   General or his designated representative for confinement in a corrections facility separate, to the extent

21   practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The

22   Defendant shall be afforded reasonable opportunity for private consultation with counsel.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1    While in custody, upon order of a court of the United States or upon the request of an attorney

2 for the United States, the person in charge of the correctional facility shall deliver the Defendant to the

3 United States Marshal for the purpose of an appearance in connection with a court proceeding or any

4 other appearance stipulated to by defense and government counsel.

5    THIS ORDER IS ENTERED WITHOUT PREJUDICE.

6    IT IS SO ORDERED.

7    DATED:   *7-10-08*                    .

8

9

10                                                PETER C. LEWIS
                                                 UNITED STATES MAGISTRATE JUDGE
11

12 Prepared by:

13 KAREN P. HEWITT
   United States Attorney

14

15

16 KARLA K. DAVIS
   Assistant U. S. Attorney

17
   cc:    Diane Regan
18         Federal Defenders of San Diego, Inc.

19

20

21

22

23

24

25

26

27

28

4